# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KARI MAKURAT, Individually and on Behalf of All Others Similarly Situated, | Case No.: 20-cv-924 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| ENHANCED RECOVERY COMPANY LLC, | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kari Makurat is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant Enhanced Recovery Company, LLC ("ERC") is a debt collection agency with its principal offices at 8014 Bayberry Road, Jacksonville, Florida 32256.

6. ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ERC is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. ERC is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9. On or around August 15, 2019, Defendant mailed a debt collection letter to Plaintiff Makurat regarding an alleged debt owed to "US Cellular." A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, the alleged debt referenced in Exhibit A was incurred as a result of a transaction for personal, family, or household purposes, namely cellular phone services.

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

13. Exhibit A includes the following:

> Our records indicate that your balance with US Cellular Corporation remains unpaid; therefore your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $24.68.
> Upon receipt and clearance of $24.68, your account will be satisfied.

14. Exhibit A thus states that Enhanced has been "authorized to resolve [Plaintiff's] account for less than the full balance for a payoff amount of $24.68" and that upon payment of such amount her "account will be satisfied."

15. Referring to a settlement amount as a "payoff amount" is confusing and misleading to an unsophisticated consumer. The normal meaning of the term "payoff amount" is the amount a consumer must pay to satisfy the debt in full. *See,* https://www.consumerfinance.gov/ask-cfpb/what-is-a-payoff-amount-is-my-payoff-amount-the-same-as-my-current-balance-en-205/ ("Your payoff amount is how much you will actually have to pay to **satisfy the terms of your mortgage loan and completely pay off your debt**. Your payoff amount is different from your current balance."); https://www.chase.com/personal/credit-cards/card-glossary ("The payoff balance is the total *outstanding balance* on an account required to bring the account's *balance* to $0.00.").

16. In the context of credit reporting, there is a difference between resolving an account by paying the account in full and resolving the account by settling it in full. The unsophisticated consumer would be confused as to whether the account would be reported as "paid in full" or "settled in full." *See e.g., Molton v. Experian Info. Solutions, Inc.*, 2004 U.S. Dist. 659, at *13 (N.D. Ill. Jan. 21, 2004); *Nielsen v. E*Trade Mortg. Corp.*, 2015 U.S. Dist. LEXIS 39781, at *4-5 (E.D. Mich. Mar. 30, 2015); *Shaw v. Experian Info. Solutions, Inc.*, 2016 U.S. Dist. LEXIS 134991, at *31-32 (S.D. Calif. Sept. 28, 2016); *Keller v. Trans Union LLC*, 2017 U.S. Dist. LEXIS 283, at *7-8 (D. Ariz. Jan. 3, 2017).

17. On the face of Exhibit A, it is impossible to determine how Defendant or the creditor would report the account to credit bureaus if the consumer paid the "payoff amount" stated in Exhibit A.

18. Upon information and belief, if the consumer paid the "payoff amount," Defendant, and/or the creditor, would report the account to consumer reporting agencies as "settled in full,"

"satisfied for less than the full balance," or "paid in full for less than the full balance" rather than "paid in full."

19. Upon information and belief, Defendant uses the phrase "payoff amount" to confuse consumers and induce them into paying this amount under the assumption that Defendant, and the creditor, will report the account to consumer reporting agencies as "paid in full." *See, e.g., Knight v. Midland Credit Mgmt.*, 755 Fed. Appx. 170, 175-77 (3d Cir. 2018) (unpubl.).

20. Plaintiff was misled and confused by Exhibit A.

21. The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

22. The FDCPA creates substantive rights for consumers; certain violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information.");

4

*Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after Spokeo, have rejected similar challenges to standing in FDCPA cases.") (citing *Hayes v. Convergent Healthcare Recoveries, Inc., 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

23. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by

5

debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

24. Misrepresentations of the character, amount or legal status of any debt, injures or risks injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.,* 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

25. 15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of---the character, amount, or legal status of any debt."

27. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

28. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I -- FDCPA

29. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. By stating that Defendant has been "authorized to resolve [Plaintiff's] account for less than the full balance for a payoff amount of $24.68" and that upon payment of such amount her "account will be satisfied," Exhibit A includes representations which are false, deceptive, and misleading as to the consequences of paying such an amount.

31. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between June 18, 2019 and June 18, 2020, inclusive, (e) and not returned by the postal service.

33. The Class is so numerous that joinder is impracticable.

34. Upon information and belief, there are more than 50 members of the Class.

7

35. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendant violated the FDCPA.

36. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 18, 2020

                                              **ADEMI & O'REILLY, LLP**

                                      By:   /s/ John D. Blythin
                                                     John D. Blythin (SBN 1046105)
                                                       Mark A. Eldridge (SBN 1089944)
                                                       Jesse Fruchter (SBN (1097673)
                                                       Ben J. Slatky (SBN 1106892)

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bjslatky@ademilaw.com